# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>MATTHEW RIDGE,<br><br>          Defendant. | Case No. 2:09-cr-00455-LDG<br>Case No. 2:14-cv-00356-LDG<br><br>**ORDER** |

The defendant, Matthew Ridge, moves pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct sentence by a person in federal custody (#77).  The government opposes the motion (#80).  The Court finds that the defendant's allegations, as viewed against the record, do not state any ground for relief and will deny the motion.

In late 2009, the defendant was charged with knowingly and intentionally distributing about 265 grams of a mixture or substance containing cocaine, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C).  In early 2010, the parties indicated that they had reached a plea agreement, and the Court set a hearing for the change of plea.  However, the defendant did not plead guilty at the hearing.  Rather, he requested that the probation office prepare a preliminary pre-sentence report with the specific purpose of ascertaining whether the

defendant qualified as a career offender under §4B1.1 of the Sentencing Guidelines. The parties stipulated to continue the change of plea hearing. The preliminary pre-sentence report was prepared, and the probation office indicated that defendant would qualify as a career offender.

The change of plea hearing went forward in May 2010. At the outset of that hearing, the defendant submitted a Substitution of Counsel, which the Court granted. The defendant then pled guilty pursuant to a plea agreement in which the defendant waived his right to appeal his conviction and sentence.

Prior to sentencing, the probation office prepared a pre-sentence report that reported the defendant had a prior conviction for Second Degree Assault in the State of Washington and a prior conviction for Voluntary Manslaughter in the State of California. The pre-sentence report recommended that, as a result of these prior convictions, the defendant qualified as a career offender. The defendant (through his new counsel) submitted a sentencing memorandum in which he argued that the defendant did not qualify as a career offender because his conviction for Second Degree Assault was not a crime punishable by imprisonment for a term exceeding one year. The Court rejected the argument, found that the defendant was a career offender, determined that the advisory guideline range was 151 to 188 months, and sentenced the defendant to a term of imprisonment of 151 months.

The defendant, acting pro se, filed an untimely appeal. Counsel was subsequently appointed, and the defendant voluntarily moved to withdraw his appeal. The defendant also brought a §2255 motion before this Court arguing that his counsel had been ineffective as the defendant had instructed counsel to file an appeal but counsel had failed to do so. The government did not oppose and the Court granted the motion. The Court vacated the original judgment and entered an amended judgment imposing the same sentence, terms and conditions.

Subsequent to entry of the amended judgment, the defendant timely filed an appeal. The appellate court dismissed that appeal, finding that the defendant had, in entering into the plea agreement, waived his right to appeal.

The defendant then brought the instant §2255 motion, in which he argues he was denied effective assistance of counsel because (a) his counsel failed to advise him that he could plead guilty without entering into a plea agreement, thus preserving his right to appeal, and (b) his counsel provided incorrect advice regarding the career offender criteria, and as a result of receiving that advice the defendant signed the plea agreement rather than pleading guilty without entering into a plea agreement. The defendant also argues that, as his counsel's advice was incorrect, he did not understand the consequences of signing a plea agreement (rather than pleading guilty without entering into a plea agreement). In asserting these grounds for relief, the defendant represents that he would have pleaded guilty without entering into a plea agreement (thus preserving his right to appeal) had he known that he could do so.

For the following reasons, the Court finds that the record is sufficient and does not need to be expanded, that a hearing is not required, and that the defendant is not entitled to relief on any of the grounds he has asserted.

To prevail on either of his claims of ineffective assistance of counsel, the defendant must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight. . . ." *Id.* "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687. "[A] court need not determine whether

3

counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

In both of his claims of ineffective assistance of counsel, the defendant asserts he was prejudiced because, by entering into a plea agreement, he waived his right to appeal a meritorious issue concerning the career offender enhancement. Similarly, the defendant's third ground for relief rests on the premise that his plea was involuntary because, by entering into a plea agreement, he waived his right to appeal a meritorious issue concerning the career offender enhancement.

The defendant asserts that his appellate counsel raised a meritorious challenge to whether he qualified as a career offender, but that the Ninth Circuit dismissed the appeal without considering the argument because the defendant had waived his right to appeal. The defendant does not identify the challenge raised by his appellate counsel. He argues only that he was prejudiced because the Ninth Circuit could not consider the unspecified argument on the merits.

The record in this matter includes the appellate briefing submitted by the defendant to the Ninth Circuit. In that briefing, the defendant's appellate counsel asserted an argument not presented to this Court: that the defendant's conviction for voluntary manslaughter did not qualify as a crime of violence. The Court readily finds that the defendant was not prejudiced as a result of the Ninth Circuit being prevented from considering this argument on appeal, as the argument lacks any merit. Application Note 1 to §4B1.2 of the Sentencing Guidelines expressly recognizes that manslaughter is a crime of violence. The defendant's contrary argument presented to the Ninth Circuit relied upon case law concerning a materially distinct definition of crime of violence (set forth at 18 U.S.C. §16) which was not relevant to the determination of whether he is a career offender

4

as defined in §4B1.2(a).  As the defendant was not prejudiced as a result of the Ninth Circuit being prevented from considering this argument, he was not prejudiced by entering into a plea agreement waiving his right to appeal.

Therefore, for good cause shown,

THE COURT **ORDERS** that the Defendant's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#77) is DISMISSED;

THE COURT FURTHER **DENIES** a Certificate of Appealability; The Court finds, based on the same reasons enumerated above, that the defendant has not made a substantial showing that he was denied a constitutional right.

THE COURT FURTHER **ORDERS** that the Clerk of the Court shall serve a copy of this Order and Denial of Certificate of Appealability on the defendant.

DATED this ___6___ day of June, 2014.

_____
Lloyd D. George
United States District Judge

5